# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

## INSTRUCTIONS FOR CASES ASSIGNED TO
## THE HONORABLE STEVE C. JONES

This matter has been assigned to the Honorable Steve C. Jones.  The purpose of this order is to inform the parties and their counsel of the Court's policies, practice, and procedure.  Pro se litigants shall also govern themselves in accordance with these instructions.  This order, in combination with the Northern District's Local Rules and the Federal Rules of Procedure, shall govern this case.  Any previous instructional order is hereby superseded.

### CONTACTING CHAMBERS

Courtroom Deputy Clerk, Pamela Wright is your principal point of contact on matters relating to this case.  **Neither the parties, nor their counsel should discuss the merits of the case with Ms. Wright or any of the Court's law clerks.**  Ms. Wright's contact information is as follows:

> Ms. Pamela Wright
> Courtroom Deputy Clerk
> 1967 United States Courthouse
> 75 Spring Street, SW
> Atlanta, Georgia 30303-3309
>
> pamela_wright@gand.uscourts.gov
> 404-215-1284

Revised April 2012

**COURTESY COPIES**

Except for emergency motions filed pursuant to Local Rule 7.2(b), the delivery of a hard copy of a document, in addition to the electronically filed copy, is not necessary, as the Court prefers to rely on its electronic access to court filings.

**MOTIONS TO COMPEL DISCOVERY AND OBJECTIONS TO DISCOVERY**

Prior to filing a motion to compel discovery and *only* after conferring with opposing counsel in a good faith effort to resolve the discovery dispute by agreement, an attorney and/or pro se litigant may contact Ms. Wright and notify her that there is a discovery dispute.  Ms. Wright will then schedule a conference call in which the Court will attempt to resolve the matter, without the necessity of a formal motion.  This conference call will be taken down by a duly appointed court reporter.

The Court is usually available by telephone to resolve objections and disputes that arise during depositions.

**REQUESTS FOR PROTECTIVE ORDERS AND/OR MOTIONS TO SEAL**

As a general matter, this Court will seal only those items enumerated in the Court's Standing Order 04-02 regarding sensitive information and public access to electronic case files.  If a party has very good cause to request sealing of material marked or identified as "CONFIDENTIAL,"said party, after notification to the opposing party, may file a motion to seal at the Clerk's Office.[1]  The material subject to the seal request should be attached as an exhibit to the motion.  The Clerk will enter the motion on the docket, without public viewing access.  After entry on the

---

[1] As further clarification, the Court notes that a mere reference or discussion of confidential information does not warrant the entire document and all attachments to be filed under seal.  Instead, the Court is only interested in sealing (or filing in a redacted format) very specific portions of documents that contain or refer to confidential information.

Revised April 2012

docket, the Court will review the material *in camera* and decide whether to grant or deny the motion to seal.

## TRIAL MATTERS[2]

### VOIR DIRE

Proposed voir dire questions shall be filed with the Clerk no later than **SEVEN (7) CALENDAR DAYS** before the date of trial, if not previously filed as a part of the pretrial order.  The Court will review the submissions and notify the parties of the approved questions at and/or prior to the pretrial conference.

During voir dire, the Court will ask certain qualifying questions and request the jurors to verbally respond to a printed juror questionnaire (containing general questions regarding their residence, occupation, education, recreational activities, prior jury service, and children, if applicable).  The Court will then permit the attorneys to ask voir dire questions – as previously approved by the Court.

All challenges for cause will be heard at the close of the questioning of all jurors.

There will be a fifteen (15) minute break at the conclusion of juror questioning in order to allow the attorneys time to review their notes prior to striking the jury.

In all criminal cases, twelve jurors will be selected, along with two alternates who will not deliberate unless replacing another juror.  If the attorneys are desirous of seating additional alternates, they shall notify the Court at the beginning of trial. The Court will entertain arguments to this regard.

---

[2]At the time a case is noticed for trial and/or at the request of a party or counsel, the Court will issue a trial outline/overview, which will provide additional procedural information.

Revised April 2012

In all civil cases, eight jurors will be selected to deliberate for cases expected to last one week or less.  The Court will empanel additional jurors for cases expected to last more than one week.  The number to empanel will be determined after receiving input from the parties.  No alternates will be empaneled for civil cases.

### REQUESTS TO CHARGE

Counsel shall prepare requests to charge (including instructions needed concerning claims and defenses and special issues and damages) in the following general format and sequence.  Counsel must use the Eleventh Circuit Pattern Jury Instructions, if applicable.  If there is no appropriate Eleventh Circuit charge, counsel should use instructions from Federal Jury Practice and Instructions, O'Malley, Grenig & Lee (5th ed. 2000).  If state law applies, counsel shall present the appropriate pattern instruction from the applicable state.

Each request to charge shall be numbered sequentially and on a separate page with authority for the requested charged cited at the bottom of the page.  Counsel should be sure to include all substantive law issues and should not assume that the Court has its own charge on the substantive law.

Requests to charge shall be filed with the Clerk of Court no later than **SEVEN (7) CALENDAR DAYS** before the date of trial.  An editable, electronic version of the proposed charge (in Word or WordPerfect format) shall be emailed to Ms. Wright on the same day that the proposed charge is filed with the Clerk.

### MOTIONS IN LIMINE

Motions in limine shall be filed with the Clerk no later than **FOURTEEN (14) CALENDAR DAYS** before trial.  Responses to motions in limine shall be filed with the Clerk no later than **SEVEN (7) CALENDAR DAYS** before trial.

Revised April 2012

AO 72A
(Rev.8/82)

**PRETRIAL CONFERENCE**

The Court will conduct a pretrial conference in all cases (civil and criminal) noticed for trial. Only the attorneys (and not the parties) are required to appear. Pro se litigants are also required to appear at pretrial conferences and govern themselves in accordance with these instructions.

The purpose of the conference is to simplify the issues to be tried and to rule on evidentiary objections raised in the pretrial order and motions in limine.

At the pretrial conference (civil cases), counsel and/or pro se litigant will be required to identify the specific witnesses that will be called in the case-in-chief.

The Court may require counsel and/or pro se litigant to bring trial exhibits to the pretrial conference in order to determine objections to said exhibits.

Counsel and/or pro se litigants shall separately and sequentially number each of their exhibits. Exhibits shall not be labeled or grouped as categories, for example, "hospital records" or "photographs."

**EVIDENTIARY PRESENTATION**

Attorneys and/or pro se litigants shall request permission to approach prior to approaching a witness or the bench.

**VISUAL AIDS, COURTROOM TECHNOLOGY, ETC.**

In a reasonable time (in advance of trial), Ms. Wright may be contacted for assistance with courtroom technology and/or to set up visual aids, etc.

**IT IS SO ORDERED,** this 6th day of April, 2012

s/Steve C. Jones
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

Revised April 2012