# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| RYAN PERRY, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>    *v.*<br><br>CABLE NEWS NETWORK, INC., a Delaware corporation, and CNN INTERACTIVE GROUP, INC., a Delaware corporation,<br><br>    *Defendants*. | Case No. 1:14-cv-02926-SCJ |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CNN'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................... 1

BACKGROUND ................................................................................ 4

    A.    CNN and its App ................................................................ 4

    B.    The Alleged Misconduct .................................................... 4

    C.    The Cartoon Network Action and CNN's Motion to Transfer ........... 7

ARGUMENT ..................................................................................... 8

I.    Plaintiff Fails to State a Claim Under the VPPA ........................................... 8

    A.    The MAC Address is Not PII Under the VPPA ................................. 9

    B.    Plaintiff's Reliance on Bango's Statements Cannot Save His

        Claim ............................................................................ 16

          1. Whether Bango can reverse engineer a person's identity

            using information from the App is irrelevant ........................... 16

          2. The Court should disregard Plaintiff's Bango allegations .......... 19

II.    Plaintiff is not a Consumer Under the VPPA .............................................. 21

    A.    Plaintiff is Not a "Subscriber" of CNN or the App ........................... 22

    B.    Plaintiff is Not a "Renter" of CNN or the App ................................ 23

III.    Plaintiff Lacks Standing Because He Has Not Pleaded Injury in Fact ....... 24

CONCLUSION ................................................................................. 25

23908419v1

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Am. Dental Ass'n v. Cigna Corp.,*
  605 F.3d 1283 (11th Cir. 2010) ........................................................................ 21

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ............................................................................... 8, 9, 21

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) .................................................................................... 8, 9

*Brooks v. Blue Cross and Blue Shield of FL., Inc.,*
  116 F.3d 1364 (11th Cir. 1997) ....................................................................... 20

*Conservation Law Foundation of New England, Inc. v. Reilly,*
  950 F.2d 38 (1st Cir. 1991) ............................................................................. 24

*David v. Alphin,*
  704 F.3d 327 (4th Cir. 2013) ........................................................................... 24

*Edwards v. First Am. Corp.,*
  610 F.3d 514 (9th Cir. 2010) .......................................................................... 25

*Ellis v. Cartoon Network, Inc.,*
  No. 1:14-CV-484-TWT, 2014 WL 5023535 (N.D. Ga. Oct. 8, 2014).......... *passim*

*Gross v. White,*
  8:05-CV-1767-27TBM, 2008 WL 2795805 (M.D. Fla. July 18, 2008) ............. 19

*In re Hulu Privacy Litig.,*
  No. C 11–03764 LB, 2012 WL 3282960 (N.D. Cal. Aug. 10, 2012) ................. 23

*In re Hulu Privacy Litig.,*
  No. C 11-03764 LB, 2014 WL 1724344 (N.D. Cal. Apr. 28, 2014) .. 2, 13, 17, 18

*In re Nickelodeon Consumer Privacy Litig.,*
  CIV.A. 12-07829, 2014 WL 3012873 (D.N.J. July 2, 2014)........ 2, 12, 13, 17, 21

23908419v1

*Johnson v. Microsoft,*
   No. C06-0900RAJ, 2009 WL 179440 (W.D. Wash. June 23, 2009) .................. 15

*Kendall v. Employees Ret. Plan of Avon Products*,
   561 F.3d 112 (2d Cir. 2009) ................................................................. 24

*Klimas v. Comcast Cable Communications, Inc.,*
   2003 U.S. Dist. LEXIS 27765 (E.D. Mich. July 1, 2003) ................................... 15

*Low v. LinkedIn Corp.,*
   900 F.Supp.2d 1010 (N.D. Cal. 2012) ........................................................ 18, 19

*Marsh v. Butler County, Alabama*,
   268 F.3d 1014 (11th Cir. 2001) ............................................................. 19

*Murray v. GMAC Mortgage Corp.,*
   434 F.3d 948 (7th Cir. 2006) ............................................................... 24

*Organizacion Jd Ltda. v. U.S. Dep't of Justice*,
   124 F.3d 354 (2d Cir. 1997) ................................................................. 23

*Pruitt v. Comcast Cable Holdings,*
   100 F. Appx. 713, 2004 WL 1226935 (10th Cir. 2004) ................................. 14, 15

*Smith v. City of Sumiton,*
   *578 Fed. Appx. 933 (11th Cir. 2014)* ....................................................... 9

*United States v. Frank,*
   599 F.3d 1221 (11th Cir. 2010) ............................................................. 22

*Viacom Int'l Inc. v. YouTube Inc.,*
   253 F.R.D. 256 (S.D.N.Y. 2008) ............................................................. 14

*Warth v. Seldin*,
   422 U.S. 490 (1975) ......................................................................... 24

23908419v1

**Statutes and Rules**

18 U.S.C. § 2702 ............................................................... 22

18 U.S.C. § 2710 ....................................................... *passim*

47 U.S.C. § 551 ............................................................... 14

Federal Rule of Civil Procedure Section 12(b)(6) ......................................... *passim*

**Legislative Materials**

S. Rep. No. 100-599,
100th Cong., 2d Sess. (1988) ......................................................... 9, 10

**Other**

MacMillan's Online Dictionary,
http://www.macmillandictionary.com/us/dictionary/american/rent_10.............. 23

The Supreme Court of the United States, Docket Files for No. 13-1339,
http://www.supremecourt.gov/ Search.aspx? FileName=/docketfiles/13-
1339.htm ......................................................................................... 25

23908419v1

## <u>PRELIMINARY STATEMENT</u>

Plaintiff alleges that CNN violated the Video Privacy Protection Act ("VPPA") because when a user viewed a video clip on CNN's "app," the app sent a third-party a record of the content viewed along with the randomly generated MAC address of the iPhone used to view that content. The insurmountable hurdle for Plaintiff is that the VPPA prohibits only the disclosure of "information which ***identifies a person*** as having requested or obtained specific video materials." It does not seek to regulate the entire Internet by prohibiting disclosure of anonymous numbers or device identifiers like the MAC address at issue here.

No court has ever found that such a device identifier alone constitutes "personally identifiable information" under the VPPA. To the contrary, courts addressing the issue have concluded the exact opposite. Most recently, in *Ellis v. Cartoon Network, Inc*., No. 1:14-CV-484-TWT, 2014 WL 5023535 (N.D. Ga. Oct. 8, 2014) ("The Cartoon Network Action") Judge Thrash dismissed a VPPA claim against CNN's sister company, Cartoon Network, which espoused the exact same theory of liability that Plaintiff relies on here. Indeed, the only difference between this action and the Cartoon Network Action is that here Plaintiff alleges that CNN provides an iPhone MAC address to Bango instead of the Android ID Cartoon Network allegedly provided to Bango. Judge Thrash granted Cartoon Network's

1

motion to dismiss, holding that an Android ID was not personally identifiable information because "[w]ithout more, an Android ID does not identify a specific person." *Id.* at 3.[1] The same rationale applies to a MAC address.

Judge Thrash followed the holdings of other cases, including *In re Nickelodeon Consumer Privacy Litig.*, CIV.A. 12-07829, 2014 WL 3012873 (D.N.J. July 2, 2014) ("*Nickelodeon*") and *In re Hulu Privacy Litig.*, No. C 11-03764 LB, 2014 WL 1724344 (N.D. Cal. Apr. 28, 2014) ("*Hulu*"). *Nickelodeon* dismissed a claim that Viacom violated the VPPA by disclosing to Google information such as a user's anonymous username, IP address, and unique device identifier, each time a user watched video on certain Nickelodeon websites. The court explained that "there is simply nothing on the face of the statute or in its legislative history to indicate that 'personally identifiable information' includes the types of information . . . allegedly collected and disclosed by Viacom." *Nickelodeon* at *9. *Hulu* likewise held that to violate the VPPA, the "disclosed information must identify a specific person and tie that person to video content that the person watched," and that disclosure of a "unique identifier – without more" does not violate the VPPA. *Hulu* at *12, 1.

Perhaps recognizing as much, Plaintiff seeks to conjure a VPPA claim

---

[1] The Cartoon Network Action plaintiff has appealed the District Court's dismissal.

23908419v1

against CNN by excerpting various statements by Bango to suggest that Bango could somehow combine the MAC address with other unidentified information Bango may obtain from other unidentified sources to decipher an individual's actual identity, even though CNN does not itself know who the user is. Even assuming this speculative theory were true, it is irrelevant. The VPPA regulates disclosure of personally identifiable information, not the activities of third parties that receive device information. And even if what Bango does with the MAC address is relevant, Plaintiff's allegations on that topic are conclusory and unrelated to his claim and should be disregarded.

The Amended Complaint fails for two additional reasons. First, Plaintiff does not meet the VPPA's definition of "consumer," which is a renter, purchaser, or subscriber of video content. Plaintiff alleges that he is a "subscriber" and a "renter" but he does not fall under the common understanding of those terms where he downloaded and used a free app. Second, Plaintiff lacks Article III standing because he does not allege actual injury. Plaintiff has amended his complaint once. Even if permitted to amend again, he will be unable to fix the core flaw: the VPPA does not apply to information like the MAC address allegedly provided to Bango. The Court should therefore dismiss the Amended Complaint with prejudice.

# BACKGROUND

## A.  CNN and its App

CNN Interactive Group, Inc., and Cable News Network, Inc. (together "CNN"), are Delaware corporations with their headquarters in Atlanta, Georgia. Amended Complaint ("Am. Compl."), June 30, 2014, ECF No. 25, ¶¶ 6-7. CNN produces and distributes a variety of content, including television programing. *Id.* ¶ 1. It distributes this content through different mediums. For example, CNN offers content through its television channel bearing the same name. *Id.* It also offers content through a mobile software application, or "app" that can be downloaded to mobile devices, such as the Plaintiff's iPhone. *Id.* To download the CNN app (the "App") to an iPhone, a user must visit the Apple iTunes Store. *See id.* ¶ 11. According to iTunes' "Description" of the App, users of the App can watch "video clips and coverage of live events as they unfold." *Id.* ¶ 10.

## B.  The Alleged Misconduct

The Amended Complaint alleges that each time an iPhone user views a video clip on the App, the App discloses certain allegedly personally identifiable information to unrelated third parties. Am. Compl. ¶ 2.[2] Specifically, it alleges

_____

[2] Plaintiff filed his Amended Complaint after CNN filed its Motion to Transfer or in the Alternative Dismiss the original complaint. The only substantive difference between the original complaint and the Amended Complaint is that the latter adds

that unbeknownst to the App's users "each time they view a news story, video clip or headline" the App "compiles a record of such activities." *Id.* ¶ 14. According to Plaintiff, this record is sent along with the unique media access control address ("MAC address") associated with the user's iPhone to "an unrelated third-party data analytics company called Bango." *Id.* Plaintiff describes the MAC address as "a unique numeric string assigned to network hardware in the iPhone." *Id.* at n.3. This is the lone allegation against CNN. Plaintiff does not allege that identifying information other than the user's MAC address is provided to Bango. Nor does he allege that CNN even had such information about its users.

According to Plaintiff, Bango is a data analytics company that specializes in "tracking individual user behavior across the Internet and mobile applications." *Id.* ¶ 14, n.2. Plaintiff alleges that "to gain a broad understanding of a given consumer's behavior across all of the devices that he or she uses" companies like Bango "have to find ways to 'link' his or her digital personas." *Id.* at 15. And that these companies' "primary solution has been to use certain unique identifiers to connect the dots." *Id.* Plaintiff does not allege, however, that Bango performed such "dot connecting" to identify him or any other CNN App user by name.

more excerpts from Bango's website. The lone allegation against CNN remains that when a user views a video on the App, the App sends Bango a record of the content viewed and the MAC address of the phone used to view that content. *See e.g.*, Am. Compl. ¶ 14.

Instead, Plaintiff cites to various materials on Bango's website in an effort to create the specter of such identification. For example, he points to a statement by Bango that its technology "reveals customer behavior, engagement and loyalty across and between all your websites and apps." *Id.* ¶ 14, n.3. Plaintiff also pastes into the Amended Complaint images taken from Bango's website, allegedly showing how Bango can use information from various sources, including to create something it calls a "BangoID." And Plaintiff purports to quote Bango's website for the proposition that Bango "automatically identifies" consumers as they act across the Internet. Plaintiff then combines these generic statements and images with his own speculation that Bango and other analytics companies maintain "digital dossiers" on consumers and that "[o]nce a consumer's identity is matched with a device's MAC address, a wealth of extremely precise information can be gleaned about the individual." *Id.* ¶ 20.

Plaintiff alleges a single cause of action for violation of the VPPA. Plaintiff seeks to bring this action on behalf of "[a]ll persons in the United States [that] used the [App] on their iPhone and who had their Personally Identifiable Information disclosed to Bango." Am. Compl. ¶ 33. Plaintiff does not identify actual injury that he or other potential class members suffered. Rather, he alleges that he "and the Class have had their statutorily defined right to privacy violated." *Id.* ¶ 50.

23908419v1

### C.      The Cartoon Network Action and CNN's Motion to Transfer

The same attorneys representing Plaintiff also brought a VPPA claim against CNN's sister company, Cartoon Network. *See* Declaration of James Lamberth ("Lamberth Decl."), Ex. 1.   The Cartoon Network Action was nearly identical to this action. Like this action, it alleged that the relevant app sent PII to Bango. *See id.* at ¶ 12.  Like this action, it alleged that Bango has the ability to use such data to potentially create dossiers on individuals.  *See id.* at ¶ 17.   Indeed, the only substantive difference between the two actions is that here Plaintiff alleges that an iPhone MAC address is provided to Bango along with a record of the content viewed and, in the Cartoon Network Action, plaintiff alleged that an Android ID was provided to Bango with a record of content viewed.   A side-by-side comparison of the allegations in the complaints reveals that they are nearly identical.  *See* CNN Reply Memorandum, July 21, 2014, ECF No. 31 at 3-5.

Given these similarities, CNN moved to transfer this action from the Northern District of Illinois where it was originally filed to this District to join the Cartoon Network Action.  On August 25, 2014, the Northern District of Illinois granted CNN's motion, observing that the two matters involve "similar legal and factual questions, evidenced by the nearly verbatim allegations in the complaints." *See* Order and Opinion, ECF No. 33 at 9.  Given that the two actions "present[] the

same issues of fact for resolution," Plaintiff and CNN jointly moved to reassign this action to Judge Thrash who was already presiding over the Cartoon Network Action. *See* Joint Motion to Reassign Case, Sept. 29, 2014, ECF No. 39 at 5.

On October 8, 2014, Judge Thrash dismissed the Cartoon Network Action on the ground that an Android ID was not personally identifiable information under the VPPA. Judge Thrash explained that "[t]he Android ID is a randomly generated number that is unique to each user and device. It is not, however, akin to a name." *Id.* at *3. Thus, "[w]ithout more, an Android ID does not identify a specific person." *Id.* Judge Thrash dismissed the Cartoon Network Action with prejudice given that plaintiff had already amended once and that "[a]ny additional amendments would be futile" because "disclosure of an Android ID alone . . . does not qualify as personally identifiable information under the VPPA." *Id.* at 4. Given dismissal of the Cartoon Network Action, this Court denied as moot the parties' joint motion to reassign this case to Judge Thrash.

## ARGUMENT

### I. Plaintiff Fails to State a Claim Under the VPPA.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). Facial plausibility requires factual allegations sufficient to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Labels, conclusions and "formulaic recitation[s]" will not suffice. *Twombly*, 550 U.S. at 555. Nor will facts merely consistent with defendant's liability. *Iqbal*, 556 U.S. at 679. Moreover, a complaint may not rely on "naked assertion[s] devoid of further factual enhancement." *Smith v. City of Sumiton*, 578 Fed. Appx. 933, 936 (11th Cir. 2014).

### A. The MAC address is not PII under the VPPA.

The history of the VPPA and recent case law confirm that a random numerical string associated with an electronic device is outside the VPPA's scope. Plaintiff nonetheless tries to contort the VPPA into a broad reaching statute that regulates the entire Internet by claiming that a MAC address is information that can be a link in a chain that can ultimately lead to the identity of a particular person. Notably, no court has accepted the contention that a number that identifies a device (*e.g.*, a computer, tablet, modem, set-top-box or phone) constitutes PII.

Congress passed the VPPA in 1988 during the era of video stores and VHS tapes after a Washington D.C. newspaper published a profile of Judge Robert Bork "based on the titles of 146 films his family had rented from a video store." S. Rep. No. 100-599, at 5, *reprinted in* 1988 U.S.C.C.A.N. 4342-1, 4342-5 ("Senate

9

Report"). Congress was focused on remedying this perceived wrong: the disclosure of video viewing habits of real-world individuals. The VPPA's text addresses the goal of the statute by making a "video tape service provider" liable only where it "knowingly disclos[es]" to any person "personally identifiable information concerning any consumer." 18 U.S.C. § 2710(b).[3] The VPPA does not refer to devices, but to people, by defining "personally identifiable information" as "information which identifies a person as having requested or obtained specific video materials." *Id.* § 2710(a)(3). The statutory text is reinforced in the Senate's section-by-section analysis of the statute which states that PII is information "that identifies a ***particular person*** as having engaged in a ***specific transaction*** with a video tape service provider." Senate Report at 4342-12 (emphasis added). And that the statute "does not restrict the disclosure of information other than personally identifiable information." *Id.*

Consistent with the statute's language, every court to confront the issue has concluded that disclosure of a device identifier alone does not violate the VPPA.

---

[3] Plaintiff's VPPA claim will ultimately fail for the additional, independent, reason that CNN is not a "video tape service provider" under the VPPA in that it does not distribute "prerecorded video cassette tapes or similar audio visual materials." *See* 18 U.S.C. § 2710(a)(4). For purposes of this motion only, however, CNN is not challenging the sufficiency of Plaintiff's pleading with respect to prerecorded materials viewed on the App. CNN reserves the right to contest this issue, as well as other factual allegations taken as true solely for purposes of this motion, at summary judgment based on facts adduced in discovery.

Most recently, Judge Thrash dismissed the Cartoon Network Action presenting the same theory of VPPA liability presented here. The plaintiff there alleged that Cartoon Network's app disclosed app users' video histories along with their Android ID to third-party analytics provider Bango. *Cartoon Network*, 2014 WL 5023535 at *1. And he speculated that once Bango received such IDs "it was able to reverse engineer the consumers' identities using the information previously collected from other sources." *Id.* Judge Thrash granted Cartoon Network's motion to dismiss on the ground that "disclosure of an Android ID alone . . . does not qualify as personally identifiable information under the VPPA." *Id.* at *3.

In doing so, he reasoned that "[t]he Android ID is a randomly generated number that is unique to each user and device. It is not, however, akin to a name." *Id.* at *3. Thus, "[w]ithout more, an Android ID does not identify a specific person." *Id.* Judge Thrash went on to note that "because "[f]rom the information disclosed by the Defendant alone, Bango could not identify the Plaintiff or any other members of the putative class," the Android ID was not personally identifiable information. *Id*. Replace "Android ID" with "MAC address" and the same rationale applies to this case.

Judge Thrash's decision in the Cartoon Network Action follows decisions of other district courts finding that a device identifier is not PII under the VPPA. In

*Nickelodeon*, the Northern District of New Jersey dismissed a VPPA claim against Viacom based on its operation of certain Nickelodeon websites. Plaintiffs alleged that Viacom violated the VPPA by disclosing to its analytics provider the plaintiff's "anonymous username; IP address; browser setting; 'unique device identifier'; operating system; screen resolution; [and] browser version," with the title of the video watched. *Nickelodeon*, 2014 WL 3012873 at *1. Viacom sought dismissal arguing that the information disclosed was not PII.

The court agreed, holding that "there is simply nothing on the face of the statute or in its legislative history to indicate that 'personally identifiable information' includes the types of information – anonymous user IDs, a child's gender and age, and information about the computer used to access Viacom's websites – allegedly collected and disclosed by Viacom." *Id*. at *9. The court gave the phrase "information which identifies a person" its plain meaning, explaining "that PII is information which must, without more, itself link an actual person to actual video materials." *Id*. Because none of the information Viacom disclosed "either individually or aggregated together, could, without more, serve to identify an actual, identifiable Plaintiff," the court dismissed plaintiffs' claim. *Id*. at *10.

The court distinguished between information that identifies a device and that

which identifies a person. The court noted, for example, that much of the information allegedly disclosed by Viacom "is not even anonymized information about the Plaintiff himself; it is anonymized information about a computer used to access a Viacom site." *Id.* And that "[k]nowing anonymized information about a computer, and an IP address associated with that computer, will not link actual people . . . to their specific video choices, any more than knowing that an Opinion was written on an HP Compaq running Windows XP located at a Philadelphia IP address will link an actual judge to a specific case." *Id.* at *11. The MAC address is no different—it is anonymized information about a mobile device, not information about a "particular person."

The Northern District of California similarly found that Hulu did not violate the VPPA by disclosing certain "unique numeric identifications tied to video watching" to analytics company comScore. *Hulu,* 2014 WL 1724344 at *7. The *Hulu* court reasoned that to violate the VPPA, the "disclosed information must identify a specific person and tie that person to video content that the person watched." *Id.* at *6. And that a "unique identifier - without more" (like what Hulu disclosed to comScore) does not violate the VPPA, even if that number "hypothetically could have been linked to video watching." *Id.* at *12, *1.

*Nickelodeon and Hulu* are only the most recent cases concluding that unique

anonymous identifiers without more are not PII.  In *Viacom Int'l Inc. v. YouTube Inc.,* 253 F.R.D. 256 (S.D.N.Y. 2008), YouTube refused to disclose user login IDs to Viacom in response to a discovery request, citing the VPPA.  The court rejected YouTube's argument, holding that "login ID is an anonymous pseudonym that users create for themselves . . . which without more cannot identify specific individuals."  *Id.* at 262 (internal quotations and citations omitted).

Courts have reached the same conclusion under similar privacy statutes like the Cable Act, which limits cable providers' ability to "collect personally identifiable information concerning any subscriber."  47 U.S.C. § 551(b)(1).  In *Pruitt v. Comcast Cable Holdings*, 100 F. App'x 713 (10th Cir. 2004), plaintiffs alleged that Comcast violated the Cable Act by maintaining "an identifying number known as a 'unit address' [that] allow[ed] Comcast to match the subscriber's purchase to its billing system."  *Id.* at 714.  The "heart of the dispute [was] whether the information stored within Comcast's converter boxes is personally identifiable information."  *Id.* at 716.  The Tenth Circuit affirmed the district court's ruling that it was not, explaining that without additional information from Comcast's billing or management system "one cannot connect the unit address with a specific customer; without the billing information even Comcast would be unable to identify which individual household was associated with the

raw data in the converter box." *Id.*

Similarly, in *Klimas v. Comcast Cable Communications, Inc.*, 2003 U.S. Dist. LEXIS 27765 (E.D. Mich. July 1, 2003), *aff'd on other grounds*, 465 F.3d 271 (6th Cir. 2006), Comcast moved to dismiss plaintiff's claim that it violated the Cable Act by collecting users' IP addresses. The "dispositive issue in regard to Comcast's Motion [was] whether an IP address is PII under the Cable Act." *Id.* at *8. The court held that it was not, finding that "an IP address, by itself, is not 'specific information about the subscriber.'" *Id.* at *10.[4]

Courts analyzing whether anonymized numbers are PII in other contexts have reached the same conclusion. In *Johnson v. Microsoft*, No. C06-0900RAJ, 2009 WL 1794400 at *4 (W.D. Wash. June 23, 2009), the court found that Microsoft's collection of IP addresses did not violate an agreement prohibiting Microsoft from collecting "personally identifiable information" without consent. The court explained that "[i]n order for 'personally identifiable information' to be personally identifiable, it must identify a person. But an IP address identifies a computer, and can do that only after matching the IP address to a list of a particular Internet service provider's subscribers." *Id.* Like the IP address in *Johnson*, the

---

[4] In affirming the district court's decision on other grounds, the Sixth Circuit confirmed the district court's conclusion that the IP Address without more did not identify a person. *See Klimas*, 465 F.3d at 280, n.2.

MAC address identifies a device, not a person.

**B. Plaintiff's Reliance on Bango's Statements Cannot Save His Claim.**

Perhaps recognizing that the information disclosed by the App is not PII, the majority of the Amended Complaint cites to excerpts from Bango's website to suggest that Bango could use the MAC address along with other unidentified information that Bango may collect from other sources, to identify a person. *See e.g.*, Am. Compl. ¶¶ 13-30. Even if this were the case, it is irrelevant to whether disclosures by CNN constitute PII. Moreover, Plaintiff's allegations regarding Bango are exactly the type of speculative and conclusory assertions that courts must disregard, and cannot salvage the Amended Complaint.

**1. Whether Bango can reverse engineer a person's identity using information from the App is irrelevant.**

The VPPA regulates disclosure of personally identifiable information, not the activities of third parties that receive device information. Plaintiff does not allege that CNN disclosed any information that actually identified him (or any other real world person) by name. Instead, he bases his claim on the speculative theory that disclosure of Plaintiff's MAC address "allowed Bango ***to use its existing database*** to automatically identify him and add records about his video viewing records to his profile." Am. Compl. ¶ 53 (emphasis added). Even if

Plaintiff offered sufficient support for this conclusory allegation, the use of information by a third party does not transform the MAC address CNN allegedly provided into PII sufficient to render CNN liable under the VPPA.

Each court to consider this "linkage" argument has rejected it. In the Cartoon Network Action, Judge Thrash stated that the "emphasis [of the VPPA] is on disclosure, not comprehension by the receiving person." *Cartoon Network*, 2014 WL 5023535 at *3 (*citing Hulu* at *12). And that because "[f]rom the information disclosed by the Defendant alone, Bango could not identify the Plaintiff or any other members of the putative class," the Android ID was not personally identifiable information. *Id.* The *Nickelodeon* court likewise rejected the argument, explaining that "[c]ertainly, this type of information might one day serve as the basis of personal identification after some effort on the part of the recipient, but the same could be said for nearly any type of personal information; this Court reads the VPPA to require a more tangible, immediate link." *Nickelodeon*, 2014 WL 3012873 at *11. The court found this buttressed by the VPPA's legislative history which lacked "any indication that PII can be anonymous information which may after investigation lead to the identification of a specific person's video habits." *Id*. at 10.

The *Hulu* court also rejected plaintiffs' VPPA claim notwithstanding an

allegation that comScore "could easily" identify users by entering unique Hulu IDs comScore received from Hulu into a browser to access the users' Hulu profile page with their username. *Hulu,* 2014 WL 1724344 at *4, *13. The *Hulu* court recognized that because the VPPA governs disclosure, not use, to violate the VPPA the disclosed information "must identify a specific person and tie that person to video content that the person watched." *Id*. at *9. As such, the disclosure of a "unique identifier – without more" did not violate the VPPA, even if it "hypothetically could have been linked to video watching." *Id*. at *12, *1.[5]

Courts have rejected this linkage argument in analogous contexts. In *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010 (N.D. Cal. 2012), plaintiffs alleged that LinkedIn shared users' unique LinkedIn identification numbers with third parties that could "theoretically de-anonymize a user's LinkedIn ID number" by "associate[ing] a LinkedIn user ID and URL of the user's profile page with a user's cookies ID and thus determine a LinkedIn user's identity." *Id.* at 1017. The court dismissed plaintiffs' invasion of privacy claim, explaining that "[a]lthough

---

[5] The *Hulu* court distinguished the "comScore disclosures" from Hulu's alleged disclosures to Facebook. Hulu made the "Facebook disclosures" to Facebook itself and included the video content viewed plus the viewer's Facebook ID (created by Facebook) in a single transaction. *Id.* at *2-3. This is different from disclosure of a MAC address to Bango, which could potentially enable Bango to identify Plaintiff if Bango combined the device identifier with unidentified information Bango purportedly collects *from other sources*.

plaintiffs postulate that these third parties could, through inferences, de-anonymize this data, it is not clear that anyone has actually done so, or what information precisely, these third parties have obtained." *Id.* at 1025.

## 2. The Court should disregard Plaintiff's Bango allegations.

Plaintiff's conclusory allegations about Bango's use of information are not only irrelevant, but also unsupported by Plaintiff's own purported "evidence." In evaluating a motion to dismiss, "courts need not accept factual claims that are internally inconsistent; facts which run counter to facts of which the court can take judicial notice; conclusory allegations; unwarranted deductions; or mere legal conclusions asserted by a party." *Gross v. White*, 8:05-CV-1767-27TBM, 2008 WL 2795805, at *2 (M.D. Fla. July 18, 2008) *aff'd*, 340 F. App'x 527 (11th Cir. 2009). *See also Marsh v. Butler County, Alabama*, 268 F.3d 1014, 1036 (11th Cir. 2001) ("[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."). Plaintiff's allegations about Bango are just the type that must be disregarded.

For example, Plaintiff purports to quote Bango's website for the proposition that Bango "automatically identifies" consumers as they act across the Internet. The website statement from which Plaintiff excerpts the word "automatically," however, is not even about the service Bango provided to CNN. Rather, it relates

to Bango's distinct mobile billing service (which Plaintiff does not allege CNN utilized). The full quote from which Plaintiff excerpts reads as follows:

> The Bango Payments Platform enables the world's biggest app stores and digital merchants to bill customers on their mobile devices. Bango's pervasive presence across the internet creates a unique platform effect for our partners, automatically identifying and billing hundreds of millions of their users, who benefit from frictionless, one-click payments.[6]

More fundamentally, none of the Bango website excerpts or images in the Amended Complaint state that Bango knows any real world identities of App users, including Plaintiff. For example, Bango's statement that its technology "reveals customer behavior, engagement and loyalty across and between all your websites and apps," Am. Compl, ¶ 14, n. 2, does not suggest that any real-world personal identification has been made, could be made, or will be made, much less that such identification is tied to CNN. The same is true of the images depicting "Bango IDs." Indeed, none of the materials Plaintiff cites even reference the CNN App. At best, they are consistent with the notion that Bango tracks **_device_**

---

[6] *See* Lamberth Decl. Ex. 2. The Court may consider the full text of this web page in determining this motion to dismiss. *Brooks v. Blue Cross and Blue Shield of FL., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (stating that "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the court may consider the documents as part of the pleadings for purposes of Rule 12(b)(6) dismissal"). Here, Plaintiff refers to the web page and the "automatically identifies" excerpt is central to his claim.

*identifiers* between or across networks. But none suggests that Bango ties such identifiers to identify an actual person.

This Court should disregard Plaintiff's allegations regarding Bango. Because none of these allegations "permit the court to infer more than the mere possibility of misconduct," the Amended Complaint has alleged—but it has not shown—that the Plaintiff is entitled to relief. *See Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). *See also Nickelodeon*, 2014 WL 3012873 at *2 n.3 (refusing to consider plaintiffs' allegation that Viacom and Google "were able to identify specific individuals" by connecting "online activity and information" with "offline activity and information," because it was "entirely conclusory" and supported by "no facts . . . which indicate when or how either Defendant linked the online information it collected with extra-digital information about the Plaintiffs.").

## II.     Plaintiff is Not a Consumer Under the VPPA.

Even if Plaintiff adequately alleged a disclosure of PII, the Court should dismiss his claim for the independent reason that he is not a "consumer" under the VPPA. The VPPA defines a "consumer" as a "renter, purchaser, or subscriber" of goods or services. 18 U.S.C. § 2710(a)(1). Plaintiff originally alleged only that he was a "subscriber." Complaint, Feb. 18, 2014, ECF No. 1, ¶ 43. He subsequently

added an allegation that he was a "renter." Am. Compl. ¶ 48. He is neither.

## A.    Plaintiff is Not a "Subscriber" of CNN or the App.

The VPPA does not define the term "subscriber." Therefore, the "ordinary and plain meaning" of the word as it is "commonly understood" is applied. *United States v. Frank*, 599 F.3d 1221, 1234 (11th Cir. 2010) (quotation omitted). Plaintiff is not a "subscriber" of CNN or the App[7] under the ordinary or plain meaning of that term. He did not register or sign-up with CNN. Nor does he allege that he provided personal information such as a name, email address or mailing address to CNN to use the App or watch videos. Indeed, nowhere does Plaintiff allege that CNN even knows his identity. In short, he has no persistent relationship with CNN. He paid nothing, can decide never to use the App, and can delete it from his phone—without any repercussion, cost or continuing obligation.

Had Congress wanted the VPPA to cover every casual viewer of a video it could have expanded the definition of "Consumer" to include such individuals. The Electronic Communications Privacy Act ("ECPA"), for example, uses the terms "customer and subscriber" where it covers a range of users broader than subscribers. *See e.g.*, 18 U.S.C. § 2702(a)(2). And even those terms do not cover

---

[7] An App is simply an alternate way to access information otherwise available through a browser. Downloading an app does not make a user a subscriber of anything.

23908419v1

every person involved in a communication. *See e.g.*, *Organizacion Jd Ltda. v. U.S. Dep't of Justice*, 124 F.3d 354, 360 (2d Cir. 1997) ("ECPA, therefore, clearly distinguishes between 'customers' and mere 'persons' or 'individuals' with other types of interests in electronic communications."). CNN acknowledges that Judge Thrash concluded in the Cartoon Network Action that plaintiff was "arguably a subscriber" and therefore a consumer. *Ellis* at *2. CNN respectfully disagrees with this aspect of Judge Thrash's decision.

## B. Plaintiff is Not a "Renter" of CNN or the App.

Plaintiff is also not a "renter" of the App under the plain meaning of that term. As the Hulu court recognized, the term "renter" "necessarily impl[ies] payment of money." *In re Hulu Privacy Litig.*, No. C 11–03764 LB, 2012 WL 3282960, at *8. This is consistent with the dictionary definition of "to rent" as "to pay money regularly to use a house, room, office, etc. that belongs to someone else."[8] Plaintiff does not allege that he paid money to use the free App and is not a renter.

Plaintiff's claim that he is a "renter" because CNN allegedly grants him "a temporary license to access and view specific videos in exchange for . . . additional advertisement exposure and limited access to his data" is counter to common

---

[8]*See* MacMillan's Online Dictionary, http://www.macmillandictionary.com/us/ dictionary/ american/ rent_10 (last visited Nov. 13, 2014).

23908419v1

sense. Am. Compl. ¶ 48. The same can be said about a viewer of free broadcast television or free internet videos, both of which are viewed without paying anything in exchange for being exposed to commercials or advertisements. No one would refer to viewers of broadcast television or free internet videos as "renters" under the plain meaning of that term.

## III. Plaintiff Lacks Standing Because He Has Not Pleaded Injury in Fact.

The Amended Complaint should also be dismissed because Plaintiff has not alleged actual, concrete injury and thus lacks Article III standing. To satisfy the injury-in-fact prong of Article III standing, a plaintiff must allege that he has suffered 'a distinct and palpable injury.'" *Conservation Law Foundation of New England, Inc. v. Reilly*, 950 F.2d 38, 40 (1st Cir. 1991) (*quoting Warth v. Seldin*, 422 U.S. 490, 501 (1975)). Here, Plaintiff alleges that he and the class "have had their statutorily defined right to privacy violated." Am. Compl. ¶ 62. CNN believes that this does not confer standing.

Certain circuit courts agree that a statutory violation without a resulting injury does not confer Article III standing. *See David v. Alphin*, 704 F.3d 327, 338-39 (4th Cir. 2013); *Kendall v. Employees Ret. Plan of Avon Products*, 561 F.3d 112, 121 (2d Cir. 2009). Others have reached the opposite conclusion. *See e.g. Murray v. GMAC Mortgage Corp.,* 434 F.3d 948, 952–53 (7th Cir. 2006);

24

*Edwards v. First Am. Corp.*, 610 F.3d 514, 517 (9th Cir. 2010).  In the Cartoon Network Action, Judge Thrash took a position similar to the 7th and 9th circuits.  This Circuit has not squarely addressed the question of whether a statutory violation alone confers Article III standing absent actual harm.  CNN believes that this court should follow the 4th and 2nd Circuit decisions holding that it does not.[9]

## CONCLUSION

For the foregoing reasons, this Court should grant CNN's Motion to Dismiss the Amended Complaint with prejudice.


Dated:  November 14, 2014          By:   s/ James A. Lamberth
                                         James A. Lamberth
                                         Georgia Bar No. 431851
                                         james.lamberth@troutmansanders.com
                                         Alan W. Bakowski
                                         Georgia Bar No. 373002
                                         alan.bakowski@troutmansanders.com
                                         TROUTMAN SANDERS LLP
                                         600 Peach Tree Street, N.E., Suite 5200
                                         Atlanta, Georgia 30308
                                         (404) 885-3000 (telephone)
                                         (404) 962-3900 (facsimile)

---

[9] The U.S. Supreme Court is likely to take up this issue due to the circuit split, as reflected by its inquiry into the views of the United States regarding the cert petition in *Spokeo, Inc. v. Robins*.  *See* The Supreme Court of the United States, Docket Files for No. 13-1339, http://www.supremecourt.gov/ Search.aspx? FileName=/docketfiles/13-1339.htm (last visited Nov. 13, 2014).  CNN seeks to preserve this argument pending a Supreme Court ruling in *Spokeo*.

23908419v1

Marc Zwillinger
marc@zwillgen.com
Jeff Landis
jeff@zwillgen.com
Jon Frankel
jon@zwillgen.com
ZWILLGEN PLLC
1900 M. Street NW, Suite 250
Washington, DC 20036
(202) 706-5205 (telephone)
(202) 706-5298 (facsimile)

*Counsel for Defendants*

# CERTIFICATE OF COMPLIANCE

In compliance with Local Rule 7.1(D), I hereby certify that the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CNN'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT has been prepared in conformity with Local Rule 5.1. This brief was prepared with Times New Roman (14 point) type.

This 14th day of November, 2014.

/s/ James. A. Lamberth
James A. Lamberth

23908419v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 14, 2014, I electronically filed the

foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

OF CNN.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS

ACTION COMPLAINT with the Clerk of Court using the CM/ECF system,

which will send a notice of electronic filing to the following counsel of record:

> Jennifer Auer Jordan
> THE JORDAN FIRM, LLC
> Suite 880
> 1447 Peachtree Street, N.E.
> Atlanta, GA 30309
>
> Benjamin H. Richman
> Rafey S. Balabanian
> James Dominick Larry
> EDELSON PC
> 350 North LaSalle Street, Suite 1300
> Chicago, IL 60654

This 14th day of November, 2014.

/s/ James. A. Lamberth

23908419v1